1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8  CMFG Life Insurance Company,                    Case No.

9              Plaintiff,                          COMPLAINT

10       v.                                        JURY DEMAND

11  Wendi Ristich,

12             Defendant.

13

14                          **COMPLAINT**

15      Plaintiff CMFG Life Insurance Company ("CMFG"), files and asserts its Complaint

16  against Defendant Wendi Ristich ("Ristich"), and in support thereof alleges as follows:

17                          **PARTIES**

18      1.      CMFG is a life insurance corporation organized and existing under the laws of

19  Iowa, with its principal place of business in the Madison, Wisconsin.  CMFG is a citizen of the

20  States of Iowa and Wisconsin.

21      2.      Upon information and belief, Wendi Ristich is an adult individual who resides at

22  414 NE Ravenna Blvd., #1027, Seattle, Washington 98115, and is a citizen of the State of

23  Washington.

24
25
26

COMPLAINT - 1

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between CMFG, a citizen of Iowa and Wisconsin, and Ristich, a citizen of Washington, and because the amount in controversy exceeds $75,000.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a) because, upon information and belief, Ristich resides in this judicial district.

## FACTUAL BACKGROUND

### The Application

5.      On or around August 24, 2018, CMFG received an online application for a TruStage Individual Life Insurance policy (the "Application") on the life of Ricky Adams ("Mr. Adams").  A true and correct copy of the policy at issue, which includes a copy of the Application, with appropriate redactions, is attached hereto as Exhibit A.

6.      The Application sought a term life insurance policy with a stated death proceeds of $300,000.  *See* Ex. A at 10.

7.      The Application identified "Joseph Adams," who was described as Mr. Adams' "child," as the sole beneficiary of the prospective policy.  *Id.*

8.      In the Application, CMFG asked the proposed insured to provide his address. The Application contained a representation that Mr. Adams resided at "868 oasis [sic] Palm Circle, Ocoee[,] FL 34761."  *Id.*

9.      In the Application, CMFG asked the proposed insured to provide his Social Security Number.  The Application contained a representation that Mr. Adams's Social Security Number was "XXX-XX-XXXX."  *Id.*

10.     In the Application, CMFG asked the proposed insured to provide his date of birth. The Application contained a representation that Mr. Adams's date of birth was in 1963.  *Id.*

COMPLAINT - 2

11.     In the Application, CMFG asked the proposed insured to provide his email address.  The Application contained a representation that Mr. Adams's email address was "reebok9875@gmail.com."  *Id.*

12.     In the Application, CMFG asked the proposed ensured to execute an "Agreement" that his representations were "true to the best of [his] knowledge and belief" and to acknowledge that "[a]ny person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree."  *Id.* at 11.

13.     The Application was purportedly executed electronically by Ricky Adams on August 24, 2018.  *Id.*

**The Policy**

14.     On or about August 24, 2018, CMFG issued Policy No. LC0320364 (the "Policy"), insuring Mr. Adams's life.  *See* Ex. A.

15.     Based upon the representation that Mr. Adams lived in Florida, the Policy was issued on Florida forms under the law of Florida.  *Id.*  It is governed by the law of Florida.

16.     An insurance policy is a legal contract between the insurer and the policy's owner.  *See* Ex. A § 1.01 ("The Owner is also referred to as 'you', 'your' or 'yours'."), § 8.01 ("This policy, any attached rider(s), endorsement(s), and/or amendments, and any application attached to the policy, are the entire contract between you and us.").

17.     The "Owner" of the Policy is identified as Ricky Adams.  *Id.* at 4.

18.     The Policy provides the Owner the right to change the beneficiary.  *See id.* § 6.02.

19.     On or about September 10, 2018, CMFG received a "Change of Beneficiary Request Form," which purported to contain the signature of Ricky Adams.  A true and correct copy of the Change of Beneficiary Request Form, with appropriate redactions, is attached hereto as Exhibit B.

COMPLAINT - 3

20.     The Change of Beneficiary Request Form named Ristich, who was represented to be Adams's wife, as the primary beneficiary under the Policy.  It named Halia Yonteff, who was represented to be Adams's daughter, as contingent beneficiary.  *See* Exhibit B.

**Ristich's Claim for Policy Proceeds**

21.     On or about March 31, 2021, CMFG received a document entitled "Claimant's Statement for Death Benefit," seeking payment of the Policy's death proceeds.  A true and correct copy of this form, with appropriate redactions, is attached hereto as Exhibit C.

22.     This claim form did not list Mr. Adams's date of death.  In the section for "date of death," Ristich listed Mr. Adams's date of birth.

23.     Ristich also provided a Certificate of Death, which noted that Ricky Adams died on March 16, 2021.

24.     Although the last four digits were the same, the social security number listed on the Certificate of Death was inconsistent with the social security number listed on the application.

25.     CMFG investigated the discrepancy and found a number of additional discrepancies in the information provided in the Application.

26.     For example, upon information and belief, not only did the social security number found in the Application not belong to Mr. Adams, Mr. Adams never resided at the at the address listed in the Application.

27.     CMFG also discovered that no fewer than twelve online applications had been submitted on the life of Ricky Adams, all within a month of one another.  These applications listed different dates of birth, different addresses, and different social security numbers.  Several of these applications were declined for health reasons and others were withdrawn.

COMPLAINT - 4

1

## **FIRST CAUSE OF ACTION**

2

## **DECLARATORY JUDGMENT – NO VALID POLICY EVER EXISTED**

3    28.    CMFG hereby incorporates by reference each and every allegation contained in

4  the preceding paragraphs as if set forth herein at length.

5    29.    The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court

6  of the United states, upon the filing of an appropriate pleading, [to] declare the rights and other

7  legal relations of any interested party seeking such declaration, whether or not further relief is or

8  could be sought."

9    30.    As set forth above, the Policy purports to be a contract between CMFG and Ricky

10  Adams, as its Owner.

11    31.    Upon information and belief, Ricky Adams never applied for the Policy, and

12  never authorized anyone to apply for the Policy on his behalf, and never consented to the

13  issuance of the Policy.

14    32.    Upon information and belief, an impostor, posing as Ricky Adams, applied for

15  and obtained the Policy.

16    33.    That impostor had no authority or capacity to contract with CMFG on behalf of

17  Ricky Adams, nor did CMFG intend to contract with anyone *other* than Ricky Adams.

18    34.    Upon information and belief, there was thus no "meeting of the minds" as

19  between CMFG and Ricky Adams so as to create a valid and binding contract—the Policy.

20    35.    Ristich, on the other hand, contends that she is entitled to payment of the death

21  proceeds under the Policy.

22    36.    As a result, there is a current, existing controversy between CMFG and Ristich

23  regarding whether a valid Policy exists and whether any benefits are due.

24    37.    CMFG is entitled to a judicial declaration that the Policy was never validly issued,

25  and that by tendering back to Ristich the premiums paid on the Policy it has discharged any

26  obligations it may have to Ristich.

COMPLAINT - 5

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO  80302
+1 303 447 7700

**SECOND CAUSE OF ACTION**

**DECLARATORY JUDGMENT – FLA. STAT. § 627.404(5)**

38.    CMFG hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

39.    The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits "any court of the United states, upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

40.    Fla. Stat. § 627.404(5) provides that a "contract of insurance upon a person . . . may not be effectuated unless, on or before the time of entering into such contract, the person insured, having the legal capacity to contract, applies for or consents in writing to the contracts and its terms[.]"

41.    Upon information and belief, Mr. Adams never applied for or consented in writing to the issuance of the Policy or its terms.

42.    As a result, the Policy is void *ab initio*.

43.    Ristich, on the other hand, contends that she is entitled to payment of the death proceeds under the Policy.

44.    As a result, there is a current, existing controversy between CMFG and Ristich regarding whether a valid Policy exists and whether any benefits are due.

45.    CMFG is entitled to a judicial declaration that the Policy is void *ab initio*, and that by tendering back to Ristich the premiums paid on the Policy it has discharged any obligations it may have to Ristich.

WHEREFORE, CMFG respectfully requests the entry of an Order by this Court as follows:

A.    Declaring that the Policy was never validly issued or, in the alternative, is void *ab initio*;

FAEGRE DRINKER BIDDLE & REATH LLP
Attorneys at Law
1470 Walnut Street, Suite 300
Boulder, CO 80302
+1 303 447 7700

1    B.    Declaring that by tendering to Ristich the premiums paid on the Policy, CMFG

2    has fully discharged any obligations it may have had to Ristich;

3    C.    Awarding CMFG its costs associated with bringing this lawsuit, as determined by

4    the Court; and

5    D.    Awarding CMFG any further relief this Court deems appropriate.

6                                   **JURY DEMAND**

7    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by

8    jury as to all claims in Complaint so triable.

9

10   Dated: October 12, 2021                    FAEGRE DRINKER BIDDLE & REATH LLP

11

12                                              By: */s/ Matthew D. Clark*
                                                    Matthew D. Clark, WSBA No. 39514
13                                                  1470 Walnut Street, Suite 300
                                                    Boulder, CO 80302
14                                                  Telephone: (303) 447-7700
                                                    Facsimile: (303) 447-7800
15                                                  matthew.clark@faegredrinker.com

16
                                                **Agent for Service:**
17                                              CT Corporation
                                                Service Agent for Matthew D. Clark
18                                              520 Pike St, Suite 985
                                                Seattle, WA 98101-1366
19
                                                *Attorneys for Plaintiff* CMFG Life Insurance
20                                              Company

21

22

23

24

25

26

COMPLAINT - 7